United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CINDY VANESSA CORRALES JUAREZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-08785 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*, Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Cindy Vanessa Corrales Juarez filed a petition for writ of *habeas corpus* under 28 USC §2241 on October 7, 2026. Dkt 1. She contends that her present detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Id at 9.

She states that she is a lawful permanent resident. Id at 1, 3–5. She alleges that the Government issued a Notice to Appear, charging her as an alien who "by fraud or willfully misrepresenting a material fact" seeks to procure admission into the United States. Id at 18 (Exhibit B). The Notice also states that she obtained lawful permanent resident status by failing to disclose a prior deportation order. Id at 20 (Exhibit B). But she also references an ongoing appeal of a decision by an immigration judge which she contends is appended as Exhibit C, but no Exhibit C has been appended to the petition. Id at 5.

Petitioner seeks an order requiring Respondents to show cause as to why the Petition should not be granted. Id at 11. But a show-cause order isn't invariably required in every case. To the contrary, the Fifth Circuit holds:

> The district court has the power under Rule 4 [of the Rules Governing Section 2254 Cases] to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting 28 USC foll §2254 Rule 4 Advisory Committee notes. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions). The Supreme Court further observes, "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v Scott*, 512 US 849, 856 (1994), citing Rule 2(c), Rules Governing Section 2254 Cases.

To that end, Rule 2(c)(2) requires a *habeas* petition to "state the facts supporting each ground" for relief. A petition that fails to allege sufficient facts in violation of this rule is subject to summary dismissal under Rule 4. *McFarland*, 512 US at 856. To satisfy Rule 2(c)(2), the petition must "set out specific, substantive facts that enable the Court to determine that there is a real possibility that constitutional error has been committed." *Taylor v Maggio*, 581 F Supp 359, 363 (ED La 1984) (citation omitted). "[M]ere naked charges without some rational basis in supportive fact are not enough." Ibid. And further, "conclusory allegations are insufficient to state a viable claim for habeas relief." *Diaz v Kopp*, 146 F4th 301, 308 (2d Cir 2025), citing Rules 2(c)(2) and 4, Rules Governing Section 2254 Cases.

The current petition doesn't meet this standard. Petitioner's failure to allege facts to support her claim of unconstitutional detention violates Rule 2(c)(2) and renders her petition subject to summary dismissal under Rule 4. For example, Petitioner fails to identify the basis

for her detention, the status of any ongoing proceedings, or the decision of the Immigration Judge from which she has allegedly filed an appeal. Her petition will thus be dismissed without prejudice as facially insufficient.

* * *

The petition for writ of *habeas corpus* by Petitioner Cindy Vanessa Corrales Juarez is DISMISSED WITHOUT PREJUDICE. Dkt 1.

Petitioner is ADVISED that she may file a motion for reconsideration or a later petition, either of which must allege additional facts and include supporting documents sufficient to suggest that her current detention isn't authorized by applicable law.

This is a FINAL JUDGMENT.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on October 19, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge